1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DOUGLAS SPENCER, et al.,                    CASE NO. CV F 09-0925 LJO DLB

12                    Plaintiffs,          **ORDER ON DEFENDANT DHI MORTGAGE
                                           COMPANY, LTD.'s F.R.Civ.P. 12(b)(6)**
13        vs.                              **MOTION TO DISMISS**
                                           (Doc. 5.)
14   DHI MORTGAGE COMPANY, LTD.,
     et al.,
15
                     Defendants.
16   _____/

17                              **INTRODUCTION**

18        Defendant lender DHI Mortgage Company, Ltd. ("DHI Mortgage") seeks to dismiss as meritless

19   pro se plaintiffs Douglas Spencer and Connie Spencers' (collectively "plaintiffs'") 14 claims arising

20   from default and foreclosure on their first and second mortgages on their Newman home ("property").

21   Plaintiffs filed no opposition papers. This Court considered DHI Mortgage's F.R.Civ.P. 12(b)(6) motion

22   to dismiss on the record and VACATES the July 13, 2009 hearing, pursuant to Local Rule 78-230(c),

23   (h). For the reasons discussed below, this Court DISMISSES this action against DHI Mortgage.

24                              **BACKGROUND**

25                         **Plaintiffs' Loans And Default**

26        On September 1, 2005, plaintiffs purchased the property with funds from DHI Mortgage's first

27   mortgage and defendant Indymac Federal Bank, FSB's ("Indymac's") second mortgage. The mortgages

28   were secured by deeds of trust and promissory notes.

                                           1

1    A December 8, 2008 notice of default and intention to sell was recorded for the property with

2    the Stanislaus County Recorder.

3                                   **Plaintiffs' Claims**

4    On March 24, 2009, plaintiffs filed their complaint ("complaint") to allege that defendants[1]

5    "engaged in unethical business practices" and "induced plaintiffs into purchasing residential loan

6    products that defendants knew or should have known may result in foreclosure, absent serial refinancing

7    into even higher cost loans."   The complaint further alleges: "These loans were neither proper nor

8    suitable for [plaintiffs'] condition and station in life.  These loans exceeded the reasonable expected

9    value of the property at that time and in the foreseeable future, based upon expected market changes."

10   The complaint alleges 14 claims which this Court will address below and seeks to recover

11   "personal, mental, physical and economic damages."

12                                      **DISCUSSION**

13   **Pleading And F.R.Civ.P. 12(b)(6) Motion Standards**

14   DHI Mortgage attacks plaintiffs' claims as incognizable and lacking necessary elements and

15   factual allegations.

16   A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

17   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

18   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

19   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

20   support the claims."  *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

21   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

22   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

23   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

24   *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

25   In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light

26

27         [1]      In addition to DHI Mortgage and Indymac, the complaint names as defendants Mortgage Electronic
     Registration Systems, a loan service provider, Chicago Title Company, a deed of trust trustee, NDEX West, LLC, either a
     loan service provider or deed of trust beneficiary, and Countrywide Home Loans, either a loan service provider or deed of
     trust provider.

28

most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

With these standards in mind, this Court turns to DHI Mortgage's challenges to plaintiffs' claims.

## **Suitability**

The complaint's (first) suitability claim alleges that "defendants breached their professional duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for the plaintiffs' personal financial condition and well-being."

DHI Mortgage notes that suitability is an incognizable claim by a borrower against a lender. "The unsuitability doctrine is premised on New York Stock Exchange Rule 405-Know Your Customer Rule FN3 and the National Association of Securities Dealers Rules of Fair Practice." *O'Connor v. R.F. Lafferty & Co., Inc.*, 965 F.2d 893, 897 (10th Cir. 1992). DHI Mortgage further correctly notes that California law does not extend the suitability doctrine to the mortgage lender-borrower relationship.

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner v. Benson*, 101 Cal.App.3d 27, 34, 161 Cal.Rptr. 516 (1980).  The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had").

Plaintiffs' suitability claim fails as incognizable against DHI Mortgage.

### Negligence

The complaint's (second) negligence claim alleges that defendants breached their "professional services" duty in that "plaintiffs were placed into loans that were inappropriate for their personal financial circumstances."

DHI Mortgage contends that the negligence claim fails in absence of "a legally recognized duty that a lender has to a borrower."

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

DHI Mortgage correctly notes the absence of an actionable duty between a lender and borrower in that loan transactions are arms-length and do not invoke fiduciary duties.  Absent "special circumstances" a loan transaction "is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006).  Moreover, a lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner*, 101 Cal.App.3d at 35, 161 Cal.Rptr. 516 (citations several cases).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231

4

1   Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991).

2      DHI Mortgage further notes the absence of a lender's duty to ensure a loan is suitable for a

3   borrower.  "No such duty exists" for a lender "to determine the borrower's ability to repay the loan. . .

4   . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the

5   lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz.

6   2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not

7   to accept the loan").

8      The negligence claim lacks a recognized legal duty owed by DHI Mortgage.  The complaint lacks

9   allegations that plaintiffs relied on DHI Mortgage's loan processing to ensure plaintiffs' ability to repay

10  the loan.  The complaint further lacks facts of special circumstances to impose duties on DHI Mortgage

11  in that the complaint depicts an arms-length home loan transaction, nothing more.

12     DHI Mortgage contends that the economic loss doctrine further bars the negligence claim in that

13  plaintiffs seek only unrecoverable "purely economic damages."

14     "[P]laintiffs may recover in tort for physical injury to person or property, but not for purely

15  economic losses that may be recovered in a contract action." *W.R. Grace & Company*, 37 Cal.App.4th

16  1318, 1327, 44 Cal.Rptr.2d 305 (1995).  "In California, plaintiffs may seek remedies for strict liability

17  and negligence only for physical injury to person or property, and not for pure economic losses." *Cal.*

18  *Dept. Of Toxic Substances v. Payless Cleaners*, 368 F.Supp.2d 1069, 1084 (E.D. Cal. 2005) (citing *Seely*

19  *v. White Motor Co.*, 63 Cal.2d 9, 18-19, 45 Cal.Rptr. 17, 403 P.2d 145 (1965)).  "Therefore, unless

20  physical injury occurs, a plaintiff cannot state a cause of action for strict liability or negligence." *Payless*

21  *Cleaners*, 368 F.Supp.2d at 1084.

22     Since plaintiffs' alleged damages are economic, the economic loss doctrine further warrants

23  dismissal of the negligence claim.

## Negligence Per Se

25     The complaint's (third) negligence per se claim alleges that defendants are "subject to California

26  Statutes and Provisions that govern and direct their conduct.  Plaintiffs are members of the class of

27  citizens of the State of California for whose benefit the Statutes and Codes are enacted, and for whose

28  protection the Statutes dealing with the Fair Lending Act under California Law are meant to provide."

DHI Mortgage contends that the negligence per se claim fails as a matter of law.  California Evidence Code section 669(a) address negligence per se and provides that a presumption of failure to exercise due care if:

1.    Defendant "violated a statute, ordinance, or regulation of a public entity";

2.    "The violation proximately caused death or injury to person or property";

3.    "The death or injury resulted from an occurrence of the nature which the statute, ordinance or regulation was designed to prevent"; and

4.    "The person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted."

DHI Mortgage correctly notes that the negligence per se doctrine does not establish a cause of action distinct from negligence.  "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed."  *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.*, 62 Cal.App.4th 1166, 1178 (1998).  The negligence per se doctrine assists as evidence to prove negligence.  "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages.  In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action."  *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 333, 277 Cal.Rptr. 753 (1991).

DHI Mortgage correctly notes that in the absence of its viable duty, plaintiffs' negligence per se claim fails just as plaintiffs' negligence claim fails.  DHI Mortgage further faults the negligence per se claim's failure to identify a specific statute that DHI Mortgage violated and the class of persons that the unidentified statute was intended to protect.  DHI Mortgage is correct, and the negligence per se claim fails along with the negligence claim.

**Breach Of Fiduciary Duty**

The complaint's (fourth) breach of fiduciary duty claim alleges that defendants breached their fiduciary duty to plaintiffs "to perform their duties, obligations and functions in a fair, upstanding, honest and forthright manner, to conduct themselves so that the plaintiffs would experience the benefit or [sic]

6

1   their professional education and training, and to place plaintiffs' interests above and before the interest

2   of the defendants."

3           DHI Mortgage points to the absence of a fiduciary duty between lender and borrower.

4           "The relationship between a lending institution and its borrower-client is not fiduciary in nature."

5   *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53 (citing *Price v. Wells Fargo Bank,* 213

6   Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)).  A commercial lender is entitled to pursue its own

7   economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing

8   *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)).   Absent "special

9   circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the

10  borrower and lender." *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561 ("the bank is in

11  no sense a true fiduciary").

12          "[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of

13  a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any

14  one of these elements is fatal to the cause of action."  *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101, 3

15  Cal.Rptr.2d 236 (1991).

16          In the absence of alleged special circumstances and a legal duty owed by DHI Mortgage, the

17  breach of fiduciary duty claim fails.  The complaint fails to demonstrate existence of a fiduciary duty.

18                      **Negligent And Intentional Misrepresentation**

19          The complaint's (fifth) negligent misrepresentation claim alleges that defendant breached their

20  duty "to provide accurate, truthful and complete information by failing to provide the information to the

21  plaintiffs in a manner that they could understand" and "failed to provide all the information necessary

22  for the plaintiffs to make a complete, accurate and well-thought decision."  The complaint's (sixth)

23  intentional misrepresentation claims alleges that defendants "intentionally misrepresented the nature of

24  loans."

25          DHI Mortgage faults the negligent and intentional misrepresentation claims' failure to meet

26  F.R.Civ.P. 9's particularity requirement.

27  / / /

28  / / /

                                        7

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[2] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in

---

[2]     F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

The complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to DHI Mortgage and the other defendants. *See Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) (a plaintiff asserting fraud against a corporate employer must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.") The complaint fails to establish fraud elements. The fraud allegations do not target particular defendants, and the complaint's global approach is unsatisfactory. The fraud claims'

deficiencies are so severe to suggest no potential improvement from an attempt to amend.

### Breach Of The Implied Covenant Of Good Faith And Fair Dealing

The complaint's seventh claim alleges that defendants breached the covenant of good faith and fair dealing with plaintiffs which required defendants to "deal fairly and in good faith with the plaintiffs and not seek to take an undue advantage of the plaintiffs in their weakened bargaining position and with their lesser knowledge, skill, education and ability regarding the loan transactions."

DHI Mortgage notes the uncertainty whether the claim proceeds under contract or tort law.

#### *Contract*

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted.) "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

DHI Mortgage correctly notes the absence of allegations to identify a particular contract or breach. The complaint references "oral and/or written agreements with all defendants" but fails to specify or detail such agreements. The complaint's conclusory allegations fail to support a contractual relationship upon which to base an alleged breach of the implied covenant of good faith and fair dealing. DHI Mortgage further faults the breach of implied covenant of good faith and fair dealing claim for addressing alleged wrongs prior to contract formation. DHI is correct that it could not have breached a contractual obligation prior to contract formation. As such, a purported claim under contract law fails.

#### *Tort*

DHI Mortgage further attacks the breach of covenant of good faith and fair dealing claim's failure to allege a special relationship to invoke tort liability. "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307

1   F.3d 944, 955 (9th Cir. 2002) (applying California law).  "Moreover, even if there were a contractual

2   relationship between the parties, [plaintiffs] have pled no facts establishing a 'special relationship'

3   between them which could justify extending tort liability for bad faith to the present context."  *Smith*,

4   225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

5         The "implied covenant tort is not available to parties of an ordinary commercial transaction

6   where the parties deal at arms' length."  *Pension Trust Fund*, 307 F.3d at 955.  California courts do not

7   invoke a special relationship between a lender and borrower.  *See Kim v. Sumitomo Bank*, 17

8   Cal.App.4th 974, 979, 21 Cal.Rptr.2d 834 (1993) ("the relationship of a bank-commercial borrower does

9   not constitute a special relationship for the purposes of the covenant of good faith and fair dealing");

10  *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal.App.3d 726, 729 (borrower precluded to assert

11  tortious breach of implied covenant of good faith and fair dealing claim against lender).  As discussed

12  above, a lender generally owes no fiduciary duty to a borrower unless "it excessively controls or

13  dominates the borrower."  *Pension Trust Fund*, 307 F.3d at 955.

14        No special relationship arises between mortgage lender DHI Mortgage and the borrower

15  plaintiffs.  The complaint makes no attempt to allege such a special relationship with meaningful facts.

16  The breach of implied covenant of good faith and fair dealing claim fails in absence of allegations of a

17  sufficient contractual or special relationship between DHI Mortgage and plaintiffs.

18  **Failure To Produce Note**

19        The complaint's (eighth) failure to produce note claim alleges that defendants "have not

20  produced the Note to prove who the real party in interest is" and "[n]one of the defendants are the real

21  party in interest as they have not provided nor can they provide the Note."

22        DHI Mortgage challenges the claim as incognizable in that is lacks sufficient facts or allegation

23  to permit DHI Mortgage to respond meaningfully.  DHI Mortgage further attacks the claim's lack of

24  grounds for relief against DHI Mortgage.

25        Like many other borrowers subject to foreclosure, plaintiffs appear to claim defendants need to

26  possess the original promissory note to permit foreclosure.  Such is not the case in California.

27        "If the trustee's deed recites that all statutory notice requirements and procedures required by law

28  for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has

1  been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d

2  436 (2003).  The California Court of Appeal has explained non-judicial foreclosure under California

3  Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial
> foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating
> to notice and right to cure. It would be inconsistent with the comprehensive and
> exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another
> unrelated cure provision into statutory nonjudicial foreclosure proceedings.

7  *Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

8       Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of

9  their authorized agents" may conduct the foreclosure process.  Under California Civil Code section

10  2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent

11  for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

12  substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the

13  beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  *Moeller*, 25

14  Cal.App.4th at 830, 30 Cal.Rptr.2d (1994).

15       "Under Civil Code section 2924, no party needs to physically possess the promissory note."

16  *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, §

17  2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and

18  election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  An "allegation that

19  the trustee did not have the original note or had not received it is insufficient to render the foreclosure

20  proceeding invalid."  *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

21       Plaintiffs' failure to produce note claim is incognizable and fails.

22                          **Unfair Lending Practices**

23       The complaint's (ninth) unfair lending practices claim alleges that defendants "violated various

24  California Statutes defining unfair lending practices" and "made a home loan to the plaintiffs without

25  determining or using commercially reasonable means or mechanisms that the borrowers had the ability

26  to repay the loan."

27       DHI Mortgage faults the claim's failure to identify specific violated statutes and DHI Mortgage's

28  wrongs to violate statutes. DHI Mortgage notes that "[p]laintiffs' recent inability to meet their mortgage

                                        12

1   obligation does not, in of itself, mean that DHI Mortgage violated California's unfair lending

2   practices statutes."

3          The (ninth) unfair lending practices claim fails far short of an identifiable claim and fails.

4                                    **Restoral Of Good Credit History**

5          The complaint's (tenth) "restoral [sic] of good credit history" claim requests "restoral" of

6   plaintiffs' "reputation and good credit history."  DHI Mortgage correctly notes that the claim merely

7   states a remedy, not a cause of action, and fails since it is premised on plaintiffs' other flawed claims.

8                                        **Wrongful Foreclosure**

9          The complaint's eleventh claim is untitled but appears to claim wrongful foreclosure in that

10  defendants "were aware of senate [sic] Bill 1137, which became law September 8, 2008 and as stated

11  in [California Civil Code] 2923.5, due diligence, which set forth the requirement that any or all notice

12  of default and or [sic] Notice of Trustee Sale must include a statement of affirmation reflecting that the

13  Beneficiary and or [sic] its authorize [sic] trustee has complied within the herein above statute.  Plaintiff

14  state [sic] that the Notice of Default filed on DECEMBER 08, 2008 must be set aside for willful failure

15  to comply with the law."

16         California Civil Code section 2923.5 ("section 2923.5") requires a lender or its agent to attempt

17  to contact a defaulted borrower prior to foreclosure.  Section 2923.5(a)(2) requires a "mortgagee,

18  beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess

19  the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Section

20  2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or

21  authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact

22  the borrower as required by this section."

23         DHI Mortgage notes the absence of allegations that it participated in the notice of default or

24  notice of trustee sale and that the complaint fails to identify who issued and recorded the notice of

25  default.  DHI Mortgage is correct that the claim lacks sufficient allegations for a viable claim.

26                           **Further Fraud And Breach Of Fiduciary Duty**

27         The complaint's (twelfth) claim is entitled "Unfair Lending Practices" but appears to attempt to

28  re-allege fraud and breach of fiduciary claims.  The claim alleges that "defendants committed acts of

                                                       13

1   misrepresentations and fraud as so [sic] the terms of the loans, mortgage, and sale of the property with

2   the intent to exert undue influence."  The claim further alleges: "Due the defendants [sic] undue

3   influence, they received a deed of trust to the property for a loan that plaintiffs should not have given

4   or been allowed to take."

5       To the extent the claim seeks to recover for fraud and breach of fiduciary duty, it fails for the

6   reasons discussed above.  To the extent it attempts to allege undue influence, it also fails.

7       Undue influence "involves a type of mismatch."  *Myerchin v. Family Benefits, Inc.*, 162

8   Cal.App.4th 1526, 1540, 76 Cal.Rptr.3d 816 (2008).  Undue influence is "generally accompanied by

9   certain characteristics which tend to create a pattern. The pattern usually involves several of the

10  following elements: (1) discussion of the transaction at an unusual or inappropriate time, (2)

11  consummation of the transaction in an unusual place, (3) insistent demand that the business be finished

12  at once, (4) extreme emphasis on untoward consequences of delay, (5) the use of multiple persuaders

13  by the dominant side against a single servient party, (6) absence of third-party advisers to the servient

14  party, (7) statements that there is no time to consult financial advisers or attorneys."  *Myerchin*, 162

15  Cal.App.4th at 1540.

16      DHI Mortgage correctly notes the absence of allegations of a pattern of activity to support undue

17  influence.  The twelfth claim fails.

18                    **Restrain Wrongful Foreclosure**

19      The complaint's (thirteenth) claim "To restrain a Wrongful Foreclosure" alleges that the

20  "representation as stated on the Notice of Default were [sic] a false representation" and that defendants

21  "have foreclosed on a property that they had no right to foreclose upon."  The claim includes identical

22  allegations as the (eighth) failure to produce note claim regarding lack of physical possession of the

23  promissory notes.

24      Like similar claims, the restrain wrongful foreclosure claim is deficient.  The claim fails to allege

25  that DHI Mortgage commenced foreclosure and to identify the text, source and alleged reliance on a

26  misrepresentation.  The claim pinpoints no alleged wrongdoing to a specific defendant with requisite

27  sufficiency.  To the extent the claim seeks equitable relief, it fails in that it is premised on the other

28  flawed claims.

14

**Quiet Title**

The complaint's (fourteenth) quiet title claim alleges that "defendants committed acts of misrepresentations and fraud as so [sic] the terms of the loans, mortgage, and sale of the property with the intent to exert undue influence." With the claim, plaintiffs "request that the court invalidate the deed of trust on the property."

DHI Mortgage correctly notes that the claim repeats an undue influence claim rejected above and likewise lacks allegations of elements of a pattern of undue influence. Moreover, California Code of Civil Procedure section 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

    1.     A legal description and street address of the subject real property;

    2.     The title of plaintiff as to which determination is sought and the basis of the title;

    3.     The adverse claims to the title of the plaintiff against which a determination is sought;

    4.     The date as of which the determination is sought; and

    5.     A prayer for the determination of the title of the plaintiff against the adverse claims.

The complaint fails to address plaintiffs' sought after title and adverse claims. The quiet title claim further fails since it is premised on other flawed claims.

**Punitive Damages**

The (sixth) intentional misrepresentation, (twelfth) unfair lending practices, and (fourteenth) quiet title claims and complaint's prayer reference punitive damages. DHI Mortgage seeks to strike the punitive damages claims in the absence of viable fraud and undue influence claims.

F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983);

1  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v.*

2  *Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).  "[A] motion to strike may be used to strike any part

3  of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v.*

4  *Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

5       In the absence of viable claims, plaintiffs lack a claim for punitive damages to warrant striking

6  references to and prayer for punitive damages.

7                                   **Attempt At Amendment**

8       Plaintiffs' claims are incognizable or barred as a matter of law.  Plaintiffs are unable to cure their

9  claims by allegation of other facts and thus are not granted an attempt to amend.

10                              **CONCLUSION AND ORDER**

11       For the reasons discussed above, this Court:

12       1.     DISMISSES this action with prejudice against DHI Mortgage;

13       2.     DIRECTS the clerk to enter judgment in favor of defendant DHI Mortgage Company,

14              Ltd. and against plaintiffs Douglas Spencer and Connie Spencer; and

15       3.     ORDERS plaintiffs, no later than July 10, 2009, to file papers to show cause why this

16              Court should not dismiss this action against defendants Indymac Federal Bank, FSB,

17              Mortgage Electronic Registration Systems, Chicago Title Company, NDEX West, LLC,

18              and Countrywide Home Loans.

19       **This Court ADMONISHES plaintiffs that this Court will dismiss this action against**

20  **defendants Indymac Federal Bank, FSB, Mortgage Electronic Registration Systems, Chicago Title**

21  **Company, NDEX West, LLC, and Countrywide Home Loans if plaintiffs fail to comply with this**

22  **order and fail to file timely papers to show cause why this Court should not dismiss defendants**

23  **Indymac Federal Bank, FSB, Mortgage Electronic Registration Systems, Chicago Title Company,**

24  **NDEX West, LLC, and Countrywide Home Loans.**

25       IT IS SO ORDERED.

26  **Dated:   June 30, 2009**               ____/s/ Lawrence J. O'Neill____
                                             UNITED STATES DISTRICT JUDGE

27

28